87 F.3d 1323
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence GILKEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall A. CRANE, Defendant-Appellant.
 Nos. 95-10325, 95-10326.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.*
Decided June 20, 1996.
 
 1
 Before: REINHARDT and HALL Circuit Judges, and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 The appellants were convicted of bank robbery and sentenced in the Northern District of California (Henderson, J., presiding) within the "Gubiensio window," the period during which this court held the Sentencing Guidelines unconstitutional. Next, in the Northern District of Illinois (Holderman, J., presiding), the appellants were convicted of a separate robbery and given a sentence which ran consecutively to the first. After Gubiensio was overruled, the appellants asked Judge Henderson to resentence them under the 1988 Guidelines. From their resentencing in California they now appeal.
 
 
 4
 Gilkey and Crane first contend that Judge Henderson ought to have imposed sentences running concurrently, in whole or in part, with their Illinois sentences. Guidelines section 5G1.3 (1988) provided that a district court, when faced with a defendant who is already serving an unexpired sentence for a separate offense, should normally impose a sentence running consecutive with the first. 18 U.S.C. § 3584(a) (1988); U.S.S.G. § 5G1.3 (1988). However, "[d]eparture would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines." U.S.S.G. § 5G1.3, cmt. (1988).
 
 
 5
 We find no abuse of discretion in the district court's decision to sentence consecutively. Judge Henderson was aware of his discretion to impose a concurrent sentence. Nevertheless, he expressly declined the opportunity to sentence concurrently out of deference to Judge Holderman, who, he said, "was aware of the sentences I had imposed [but] decided that his sentences would run consecutive to mine." We see nothing improper in this exercise of discretion, particularly because the record indicates that Judge Holderman himself squarely considered the question whether to sentence consecutively or concurrently.
 
 
 6
 Gilkey and Crane also ask us to review Judge Henderson's decision not to depart downward. Again, Judge Henderson expressly declared his intention not to sentence in a manner which might undermine the sentence imposed by Judge Holderman: "this exercise, this requested exercise, to depart downward would ... amount to my tampering with Judge Holderman's decision. It would simply be improper for me to do so." As the record supports no inference that the sentencing court erroneously believed it lacked authority to depart, we have no jurisdiction on appeal to review the decision not to depart. United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994).
 
 
 7
 Accordingly, the sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3